**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| VINCENT EDWARD WYATT,  §<br>    PETITIONER,  §<br>  §<br>v.  §<br>  §<br>DOUGLAS DRETKE, DIRECTOR,  §<br>TEXAS DEPARTMENT OF CRIMINAL  §<br>JUSTICE, CORRECTIONAL INSTITUTIONS §<br>DIVISION,  §<br>    RESPONDENT.  § | Civil Action No. 4:06-CV-089-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Vincent Edward Wyatt, TDCJ #654084, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.     **PROCEDURAL HISTORY**

In May 2002, Wyatt was charged by indictment with possession of cocaine in the amount of one gram or more but less than four grams under Case No. 0840080A in the 371st District Court of Tarrant County, Texas. (State Habeas R. at 14.) The indictment also included a habitual offender notice, alleging that Wyatt had been finally convicted of possession of cocaine of less than twenty-eight grams in 1988 and in 1992. (*Id.*) On March 10, 2003, pursuant to a plea agreement, the state waived the habitual offender notice, Wyatt pled guilty to the offense, and the state trial court sentenced him to nine years' confinement. (*Id.*) Wyatt continues to serve his 9-year sentence under Case No. 0840080A, in addition to an 18-year sentence for his 1992 conviction for possession of cocaine under Case No. 0489171W. (Resp't Answer, Exhibit A.) In this petition, Wyatt challenges the Texas Board of Pardons and Paroles's denial of a discretionary mandatory supervision release date on his 9-year sentence under Case No. 0840080A. (Petition at 7.) He has filed a state application for writ of habeas corpus raising the claims presented, which was denied without written order by the Texas Court of Criminal Appeals on November 16, 2005. *Ex parte Wyatt*, No. 63,124-01, at cover. This petition was filed on January 27, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition and any attachments are delivered to prison authorities for mailing).

D.     **RULE 5 STATEMENT**

Dretke believes Wyatt has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b). (Resp't Answer at 3.)

**E.     LEGAL ANALYSIS**

Wyatt asserts that, in violation of his federal constitutional rights, the Texas Board of Pardons and Paroles (the Board) is denying him a discretionary mandatory supervision release date on his 9-year sentence under Case No. 0840080A based on his prior November 15, 1985, conviction for theft, which is not an aggravated or ineligible offense as outlined in § 508.149 of the Texas Government Code.[1] TEX. GOV'T CODE ANN. § 508.149 (Vernon 2005).  Contrary to Wyatt's assertion, however, the record reflects that he was convicted of robbery by threats on November 15, 1985, under Case No. 0242663A in the Criminal Court Number Two of Tarrant County, Texas. (Resp't Answer, Exhibit C.)

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).  The Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a constitutional expectancy of early release to those inmates whose calendar time combined with good time credits equal the sentence imposed. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Effective September 1, 1996, however, the Texas mandatory supervision law was revised to provide for a discretionary mandatory supervision scheme. *See* TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).  The Fifth Circuit has yet to rule on whether a federal constitutional expectancy of early release exists under Texas's revised statute, but the Texas Court of Criminal Appeals has held

---

[1]Wyatt is eligible for mandatory supervision under Case No. 0489171W with a mandatory supervision release date of August 12, 2006.  (Resp't Answer, Exhibit B.)

that the statute vests a liberty interest in an *eligible* inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). Under § 508.149(a), applicable to Wyatt's 2003 conviction under Case No. 0840080A, an inmate may not be released to mandatory supervision if the inmate has been previously convicted of a second degree felony under Penal Code § 29.02 (Robbery). *Id.* § 508.149(a)(11). Robbery by threats was in 1985 and remains a second degree felony under § 29.02. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 925-26 (currently TEX. PENAL CODE ANN. § 29.02 (Vernon 2004)).

Thus, under the new statute, in effect when Wyatt committed the holding offense under Case No. 0840080A, he is not, and was never, eligible for release to mandatory supervision on his 9-year sentence. Thus, no constitutional violation has occurred and Wyatt's claims do not present a basis for federal habeas relief. *See Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

## II. RECOMMENDATION

Wyatt's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 25, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 25, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 4, 2006.

      /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE

5